Dear Ms. Boudreaux:
Reference is made to the request of the St. Bernard Parish Council for an Attorney General's Opinion as to the legality of an Interagency Cooperative Endeavor Agreement (the "Agreement") by and between the Sheriff and Parish President of St. Bernard Parish, as `employing parties', and Alan Abadie, as `employee', dated March 5, 2004. It is our understanding that Mr. Abadie has been an employee of the Sheriff's office for some time, and the Agreement extends the provision of his services to include the Parish President.
In accordance with the written terms of the Agreement, Mr. Abadie is to provide legal counsel to the Sheriff and the Parish President, as "Executive Legal and General Counsel" to both. The Agreement calls for the employing parties to coordinate utilization of Mr. Abadie's services with each other, but "primary emphasis" is placed upon the duties assigned by the Parish President, and the agreement anticipates that Mr. Abadie will work an average of 35 hours a week for the President, and calls for him to be a full-time employee of the St. Bernard Parish Government.
The agreement provides that Mr. Abadie is to be eligible through the Parish for all benefits of a full time employee under the Executive Compensation Package, including hospitalization, but that he will not be a member of the Parish Employees Retirement System. Although Mr. Abadie is to be considered a full-time employee of the Parish Government with his "primary emphasis" being the duties assigned him by the Parish President, Mr. Abadie's annual salary of $75,000 (2/3rds of which is to be paid by the Parish to the Sheriff's Office) is to be paid to Mr. Abadie by the Sheriff's office, with Mr. Abadie continuing as a member of the Sheriff's Pension Plan and hospitalization plan as his secondary health plan.
It is our understanding that the Council was asked to approve Mr. Abadie's employment by the Parish President in January of 2004, but that the Council was not made aware of the Agreement until October of 2004. Although the undersigned has been provided with a number of documents relating to this request, you have thus far been unable to provide this office with any documentation that indicates that either the Agreement or Mr. Abadie's employment has been approved by the Council.
You have presented this office with four questions regarding the Agreement and Mr. Abadie's employment.
 1. "Is it legal under the St. Bernard Parish Home Rule Charter and State law for the Parish President of St. Bernard Parish Government to hire a full time Executive Legal and General Counsel for the Parish President without going through the ordinance process?"
With respect to the St. Bernard Parish Home Rule Charter, we find the following provisions thereof relevant to your request:
 "Sec. 2-11. Action requiring an ordinance.
 (a) An act of the council having the force of law shall be by ordinance."
 "Sec. 3-05. Powers and duties of the president.
 The president, as chief executive officer of the parish government, shall have the following powers and duties:
 * * *
 (3) Create and staff an office which will report directly to the president to handle complaints, public relations and information, business contacts and inquiries, and tourism and related activities;
 "Sec. 4-02. Legal services.
 (a) The district attorney of the judicial district serving St. Bernard Parish shall serve as the legal advisor to the council, the parish president, and all parish departments, offices, and agencies, unless otherwise decided by the president and council."
Sec. 3-05(3) of the Charter provides the Parish President with the authority and power to hire an executive staff, which, in the absence of the provisions of Sec. 4.02, might reasonably be read to include the services of a staff attorney or executive counsel. However, Sec. 4-02(a) clearly provides that the district attorney shall be the legal advisor to the president, "unless otherwise approved by the president and the council". In our opinion, Sec. 4-02(a) of the Charter requires that the services of any legal advisor to the president (or indeed, to the council or any other parish department) requires the approval of both the president and the council. In accordance with Sec. 2-11, council approval is required to be by ordinance. Accordingly, it is our opinion that St. Bernard Parish Charter requires that the employment of legal counsel by the parish president must be either generally authorized, or specifically approved, by ordinance of the parish council.
With respect to state law, this office is unaware of, and our research did not reveal, any provision thereof which would specifically prohibit the St. Bernard Parish Government from hiring a full time Executive Legal and General Counsel for the Parish, or entering into a cooperative endeavor regarding same, without going through the ordinance process.[1]
 2. "Is it legal under the St. Bernard Parish Home Rule Charter and State law for the Parish President of St. Bernard Parish Government to enter into a Cooperative Endeavor Agreement with the St. Bernard Sheriff's Office with respect to providing legal services to the Parish President without first obtaining Council approval?"
As noted in our response to your first question, it is our opinion that the St. Bernard Parish Home Rule Charter requires that the employment of legal counsel by the parish president must be either generally authorized, or specifically approved, by ordinance of the parish council.
Additionally, St. Bernard Parish, like all political subdivisions of the State of Louisiana, is subject to the Local Government Budget Act, R.S. 39:1301 and following. Pursuant to this law and sections 5-02 and 5-03 of the Parish's home rule charter, the Parish President proposes and the Parish Council adopts the Parish's annual operating budget. Pertinently, with respect to the budget, the St. Bernard Parish Home Rule Charter provides:
 "No payment shall be made or obligation incurred against any allotment or appropriation except in accordance with the approved operating budgets and appropriations duly made, and unless the president or the president's designee first certified that there sufficient unencumbered balance in such allotment or appropriation and that sufficient funds therefrom are or will be available to cover the claim and meet the obligation when it becomes due and payable . . . Any authorization of payment or incurring of obligation in violation of the provisions of this Charter shall be void, and the payment so made illegal . . ."
This office has not reviewed any of St. Bernard Parish's budget documents, and indeed, it would be beyond our purview to do so. We note, however, that in accordance with both the St. Bernard Parish Charter and the Local Government Budget Act, R.S. 39:1301, et seq., the validity of the Agreement, which requires payment to the St. Bernard Parish Sheriff's Office albeit for payment of the salary and related expenses of a Parish employee, depends upon whether or not the funding therefore has been budgeted and appropriated by the Parish Council. Attorney General's Opinion No. 01-325.
 3. "Is it legal under the St. Bernard Parish Home Rule Charter and State law for the Parish President of St. Bernard Parish Government to enter into a Cooperative Endeavor Agreement with the Sheriff's Office to share an employee to serve as Executive Legal and General Counsel to the Parish President and to also provide legal services to the Sheriff's Office?
We call your attention to the following provision of the St. Bernard Parish Home Rule Charter:
 "Sec. 1-06. Joint service agreement.
 The parish government is authorized as provided by state law to enter into joint service agreements or cooperative efforts with other governmental agencies and political subdivisions."
The provisions of Louisiana's Local Services Law, previously cited herein, are also pertinent. LSA-R.S. 33:1324.1 provides:
 "In order to effect economy of operation, any two or more political corporations or subdivisions may contract with each other to combine the use of administrative and operative personnel and equipment upon such basis of compensation thereof as may be mutually agreed to by all such political corporations and subdivisions.
In our opinion, these provisions are reflective of determination of both the state and the parish that cooperative efforts and the economies of scale, as well as the elimination of duplicative efforts and resources, as well as other benefits to be derived thereby, are authorized and desirable. In order to pass legal muster, however, cooperative agreements or endeavors must be in compliance with the pertinent provisions of the Constitution.
Implicitly, the Agreement must be examined in accordance with the provisions of La. Const. Art. VII, Sec. 14, which pertinently state:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
 * * *
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual." (Emphasis supplied).
This office has long recognized the caution which must be exercised in the expenditure of public funds. Historically, the Attorney General's office has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec 14, as set forth in City of Port Allen v. Louisiana Municipal Risk,439 So.2d 399 (1983), wherein the Court states: ". . . this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is only the threshold predicate for the constitutionality of such an expenditure or use; the expenditure must also be for a public (as opposed to a private) purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63.
This office has determined that earned benefits of public employment are in the nature of earned compensation and are therefore constitutional. Attorney General's Opinion Nos. 97-254, 99-137, 94-72. However, the constitutionality of a particular payment made to or on behalf of a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is "earned", i.e., deserved and made as a reasonable recompense for valuable performance or service for which the employee would not otherwise be adequately be compensated. Attorney General's Opinions Nos. 97-190; 95-323. In this regard, our opinions also recognize that the determination as to whether the payment of money to or on behalf of a public employee is made as earned compensation is actually a factual determination. Attorney General's Opinions Nos. 04-0020; 92-189; State v. Davis, 539 So2d 803 (La.App. 3rd Cir. 1989), Writ denied.
Unfortunately, although we have provided the Council with the analysis requisite to a determination as to whether or not the Agreement is legal, we are not able to advise the Council as to whether or not the Agreement is in fact in accordance with, or in violation of, La. Const. Art. VII, Sec. 14. As this office is not a finder of fact, we are not in a position to determine whether the Agreement was confected `out of a motive of beneficence' for Mr. Abadie's enrichment, or whether its purpose is to provide Mr. Abadie with reasonable recompense for the performance of services necessary to the parish and sheriff.
 "4. Is it legal for a person who is an employee of the St. Bernard Parish Sheriff's Office and member of the Sheriff's pension and retirement system to be also a full time employee of St. Bernard Parish Government pursuant to a cooperative endeavor agreement between the Sheriff's Office and St. Bernard Government?"
Other than as set forth above, this office is unaware of any provision of law, including the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61 et seq., which would prohibit a part-time employee of the St. Bernard Parish Sheriff's Office from also serving as a full-time employee of the St. Bernard Parish Government pursuant to a cooperative endeavor agreement. You may wish to contact the Sheriff's Pension and Relief Fund with respect to whether or not its rules and regulations are violated by the Agreement.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
[1] It has been suggested that the provisions of the Local Services Law, LSA-R.S. 33:1321, et seq., and particularly LSA-R.S. 33:1325 thereof requires the agreement in question be adopted by ordinance. LSA-R.S. 33:1325 pertinently provides: "All arrangements . . . shall be reduced to writing. For this purpose it shall suffice for each party to the agreement, acting through its governing body, to accept the agreement by passage of an ordinance or resolution setting out the terms of the agreement . . ." In our opinion, LSA-R.S. 33:1325 merely requires that such agreements be reduced to writing, and provides that ordinances adopted by the appropriate governing bodies setting forth the terms of the agreement shall suffice to meet the writing requirement. This particular provision of law does not require that a specific ordinance be adopted each and every time a parish or municipality enters into a Local Services Agreement.